84 U.S. 517
 21 L.Ed. 656
 17 Wall. 517
 CUTNER
v.
UNITED STATES.
 October Term, 1873
 
 APPEAL from the Court of Claims; the case as found by that court was thus:
 Cutner, a loyal citizen of the United States, resident at Savannah, Georgia, one of the States which went into rebellion, was, on the 21st of December, 1864, the owner of thirty bales of cotton. On the day just named Savannah was captured by the army of the United States. On the 23d of February, 1865, Cutner reported his cotton to the commanding officer, and it was registered, in compliance with general military orders, by the Treasury agents in his name; and on the 3d of March following taken into the custody of the Treasury agents of the United States and shipped to New York, and there sold by the United States; the net proceeds, amounting to $6897, being paid into the Treasury.
 On the 6th of March, 1865, Cutner executed a bill of sale of the cotton specifically, and describing it as 'all that certain lot and quantity of cotton, viz., thirty bales of cotton, marked S. C., ' to Schiffer & Co., of New York, and received at the time, from one Stewart, the attorney and agent of Schiffer & Co., $2250, the entire consideration named in the bill of sale. The bill of sale recited that the cotton sold was the same which he, Cutner, had described in a petition of March 6th, 1865, to the President of the United States; and it authorized Stewart, the attorney, 'to pay over to Schiffer & Co. any and all proceeds which may arise from the same when sold.' At the time of this sale Schiffer & Co. had no license to trade with the enemy.
 By act of July 13th, 1861,[1] it was enacted, that 'all commercial intercourse' between the inhabitants of any State, or any section, or part thereof, who the President should declare 'were in a state of insurrection against the United States,' and the citizens of the rest of the United States should 'cease and be unlawful so long as such condition of hostility shall continue.'
 By proclamation of August 16th, 1862,[2] the President declared the State of Georgia to be in such state of insurrection.
 By the act of July 2d, 1864,[3] the prohibitions upon commercial intercourse with the territory in rebellion, are made to apply 'to all commercial intercourse by and between persons residing or being within districts within the present or future lines of National military occupation in the States or parts of States declared in insurrection, whether with each other or with persons residing or being within districts declared in insurrection, and not within those lines.'
 It was not denied by Cutner, or Schiffer & Co., or at the bar, that the sale had been made in Savannah.
 In this state of things Cutner, suing for the use of Schiffer & Co., filed a petition in the court below, under the provisions of the Captured and Abandoned Property Act, asking for restitution of the proceeds of the cotton in the Treasury.
 The Court of Claims held:
 1. That Schiffer was the real and beneficial claimant in this suit, although Cutner was the nominal one.
 2. That the pretended transfer of the cotton by Cutner to Schiffer, on 6th March, 1865, was in violation of the non-intercourse acts of Congress and the President's proclamations made subsequent thereto, and therefore inoperative to clothe the real claimant, Schiffer, with a valid title to the cotton, or to vest in him a right to the proceeds thereof.
 The court accordingly dismissed the petition. Hence this appeal.
 
 Messrs. A. G. Riddle and A. L. Merriman, for the appellant:
 
 There was no violation of the law restricting commercial intercourse in this transaction. However, the subject of sale is described in the bill of sale, the property sold was a claim against the United States for thirty bales of cotton or the proceeds of them, and, as a matter of course, was situated at the seat of government. Then the purchasers were loyal citizens of a loyal State, and being such, could not be presumed to have intended to send the fruits of such contract to the aid of the insurrectionary government, even if it were possible (which it was not) to have obtained the subject-matter of the trade from the government before sale thereof.
 
 Messrs. G. H. Williams, Attorney-General, and C. H. Hill, Assistant Attorney-General, contra:
 
 In any view the sale was unlawful. The State of Georgia, in which Savannah was, had been declared by a proclamation of the President, 'in a state of insurrection against the United States.' Though occupied by our forces, the 'state of hostility still continued.' The case comes, therefore, within the act of July 13th, 1861. It comes also within the later act of July 2d, 1864; for the sale and purchase—the 'commercial dealing'—was made 'with each other' by and between parties 'being within districts within the lines of National military occupation, in a State declared in insurrection.'
 Mr. Justice BRADLEY delivered the opinion of the court.
 
 
 1
 Intercourse between the inhabitants of the two belligerent sections was still prohibited when this sale was made. It was, therefore, clearly illegal, unless Schiffer & Co. had a license to trade in Savannah, which the case expressly finds they had not. The sale being illegal, the suit cannot be sustained for the benefit of the vendees. It cannot be sustained for Cutner's own benefit, because he received the full consideration of the cotton and has no interest remaining.
 
 
 2
 DECREE AFFIRMED.
 
 
 
 [1]
 12 Stat. at Large, 257.
 
 
 [2]
 12 Stat. at Large, 1262.
 
 
 [3]
 13 Id. 376, § 4.